IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AT WORLD PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| | ) | Judge |
| | ) | |
| @mortgage, LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR WILLFUL TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; AND DECEPTIVE PRACTICES**

Plaintiff, At World Properties, LLC ("@properties"), for its complaint against defendant @mortgage, LLC ("@mortgage"), alleges as follows:

**Nature of the Action**

1. @properties was founded in 1999 by Thad Wong and Mike Golden. These two young men were highly successful real estate agents. Wong and Golden had started their career helping buyers and sellers of residential real estate in the City of Chicago.

2. It was at the founding of @properties—over 20 years ago—that Wong and Golden had their vision of a unique real estate brokerage house brand. This brand was to be based on exceptional service delivered to buyers and sellers who were involved in one of the most exciting, stressful, difficult transactions of a lifetime. @properties would bring joy and skill to this consequential transaction.

3. Over the 20 years, @properties has invested @properties' time, energy, and millions and millions of dollars building the @properties brand. @properties registered the following trademark:



4. @properties has grown to be the largest real estate brokerage house in the greater Chicago area, offering services in residential and commercial real estate. In 2019, @properties founded a joint venture with Guaranteed Rate, Inc., called Proper Rate, LLC. Through Proper Rate, @properties offers consumers in Illinois retail mortgage lending services.

5. After 20 years building the @properties brand into the market leader that @properties is in Illinois real estate services, along comes an individual, Matthew Wilkerson, who registered the following trademark:



6. Mr. Wilkerson owns the company called @mortgage, LLC. This individual has brazenly entered the Illinois real estate services market. @mortgage was

founded with a vision, apparently, of free riding on the years and years of concerted effort and capital Wong and Golden devoted to building the @properties brand. In fact, an @mortgage broker named Jonathan Scheeler admitted to instances of consumers believing that @mortgage is affiliated with @properties.

## The Parties

7. At World Properties, LLC is an Illinois limited liability company with its principal place of business in Chicago, Illinois.

8. @mortgage, LLC is an Illinois limited liability company with its principal place of business in East Peoria, Illinois.

## Jurisdiction and Venue

9. This Court has jurisdiction over the @properties claims against @mortgage pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367. @properties' claims arise under the Lanham Act, 15 U.S.C. §§ 1051 et seq. and therefore arise out of the laws of the United States; specifically, laws relating to trademarks.

10. This Court also has supplemental jurisdiction over @properties' state law claims pursuant to 28 U.S.C. § 1367 as they arise from the same operative facts or are otherwise so related to the @properties Lanham Act claims that the Illinois claims form part of the same case or controversy under Article III of the United States Constitution.

11. Personal jurisdiction over @mortgage is proper because @mortgage operates an Illinois mortgage broker service. These claims arise directly from this service @mortgage provides to consumers in Illinois.

12. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## Background

*@properties family of marks*

13. @properties has grown to be the largest real estate broker in Illinois. Although the beginnings of @properties were in residential transactions in the City of Chicago, @properties has become a leader in all manner of real estate transactions, residential and commercial, in Chicago and in the Chicago suburbs.

14. In 2019, @properties founded a joint venture with Guaranteed Rate, Inc., called Proper Rate, LLC. This venture offers retail mortgage lending services to Illinois consumers, including consumers doing business with @properties looking to purchase residential real property and who are in need of a loan and are referred to Proper Rate by @properties and its individual real estate agents. The @properties website—www.atproperties.com—links to the Proper Rate website.

15. Proper Rate describes its services as follows, "Proper Rate is a new independent mortgage company offering homebuyers and homeowners personalized lending services through a select team of the most highly experienced and dedicated mortgage professionals in the industry. Powered by one of the nation's largest mortgage companies, with leading-edge technology and access to the best loan programs and rate structures, you can expect that Proper Rate delivers all of the advantages of a big lender with the hands-on service of a small firm."

16. Proper Rate distinguishes itself from its competitors through Proper Rate's superior use of technology: "From Proper Rate's industry leading Digital Mortgage, which issues lightning-fast pre-approvals, to FlashClose℠, which simplifies and shortens closing times, we have the tech that gets you home easily and quickly."

17. This rise to the leader in the field has been due in part to @properties' extraordinary investment in the @properties brand.

18. @properties has registered the @properties trademark, and a family of strong trademarks has grown up around the @properties mark—set forth above with the red "@" symbol. This table sets forth the basics regarding a sample of the @properties trademark family:

| MARK | REG. NUMBER | REG. DATE | GOODS OR SERVICES |
| --- | --- | --- | --- |
| @DEVELOPMENTS | 3391305 | 03/04/2008 | Real estate brokerage services |
| @PROPERTIES | 3790966 | 05/18/2010 | Real estate brokerage services |
| @PROPERTIES IS CHICAGO | 4415109 | 10/08/2013 | Real estate property management; Real estate brokerage services |
| @HOME AGENT | 3235255 | 04/24/2007 | Providing on-line real estate advertising information for the purchase and sale of real estate, namely, new home information as to location, price, size, floor plans, exterior photography and/or artist's rendering and sales office contact information |
| @PROPERTIES RESIDENTIAL | 4289814 | 02/12/2013 | Real estate brokerage services |
| @PROPERTIES | 4191923 | 08/14/2012 | Real estate brokerage services |

| MARK | REG. NUMBER | REG. DATE | GOODS OR SERVICES |
|---|---|---|---|
| COMMERCIAL | | | |
| @PROPERTIES RELOCATION | 4191924 | 08/14/2012 | Real estate brokerage and real estate consultancy services |
| @REPORT | 4191925 | 08/14/2012 | Real estate services, namely, providing online sales and market information to help users determine pricing, market status and the best neighborhoods suited to their individual needs and abilities. |
| @RENTALS | 4808810 | 09/08/2015 | Real estate agency services; Real estate rental services; Real estate property management |
| @PROPERTIES FINANCIAL | 4304615 | 03/19/2013 | Financial planning, advisory and brokerage services; Insurance agency and brokerage services |
| @FINANCIAL | 4408256 | 09/24/2013 | Financial planning, advisory and brokerage services; Insurance agency and brokerage services |
| @COMMERCIAL | 4526144 | 05/06/2014 | Real estate brokerage services |
| LOVE WHERE YOU'RE @ | 4805220 | 09/01/2015 | Real estate brokerage and real estate rental services |
| @FINANCIAL INVESTMENTS | 5014438 | 08/02/2016 | Investment advisory services; Financial Planning. |
| @RELOCATION | 4616624 | 10/07/2014 | Real Estate Brokerage Services |

19. @properties has always and continues to invest and spend substantial capital on marketing the @properties brand, including marketing each of the marks listed

6

above. Attached hereto as "Exhibit A" is the declaration of Thad Wong setting forth some of the evidence @properties will use to demonstrate the strength of @properties' family of marks.

*@mortgage infringes the @properties family of marks*

20. On December 7, 2020, an @properties broker received a preapproval letter from one of her buyers. The @properties agent is Kristen Eccles, and she was surprised to read that the preapproval came from a mortgage broker called @mortgage.

21. Ms. Eccles was especially surprised that the @mortgage letterhead featured the red "@" symbol—just like her firm's in the @properties trademark. What was confusing to Ms. Eccles was that @properties offered mortgage brokerage services through Proper Rate. Ms. Eccles had never heard of @mortgage and doubted @mortgage was an @properties company.

22. On the same day that Ms. Eccles received the @mortgage preapproval, December 7, 2020, she forwarded the @mortgage preapproval to Jim Barcelona, who is an @properties managing broker in the western Chicago suburbs. On the same day, December 7, 2020, Mr. Barcelona forwarded the @mortgage information to Thad Wong, who immediately directed counsel to @properties to send a cease and desist letter to @mortgage.

23. On December 11, 2020, @properties demanded that @mortgage stop using the @mortgage trademark and assign the trademark registration to @properties.

24. Ms. Eccles is working with her buyer who had the @mortgage preapproval. On January 22, 2021, as part of the service she is providing to her buyer, Ms. Eccles called the @mortgage agent who had signed the preapproval, named Jonathan

Scheeler. Ms. Eccles needed to confirm the information contained in the preapproval. Ms. Eccles also asked Mr. Scheeler whether @mortgage is affiliated with @properties. Mr. Scheeler answered that @mortgage is not affiliated with @properties. Mr. Scheeler added that Mr. Scheeler had been asked many times before by consumers whether @mortgage was affiliated with @properties.

25. Upon information and belief, @mortgage adopted, registered, and uses the @mortgage mark with full knowledge of, and in willful disregard of @properties' intellectual property rights, and with the intent to take advantage of the goodwill that @properties has developed in the @properties trademarks.

## Count 1: Federal Trademark Infringement

26. @properties re-alleges the preceding paragraphs as if fully set forth herein.

27. @mortgage's acts are likely to cause confusion, mistake or deception as to source, affiliation, or sponsorship, in violation of 15 U.S.C. § 1114.

28. Upon information and belief, @mortgage adopted, registered, and uses the @mortgage mark with full knowledge of, and in willful disregard of @properties' intellectual property rights, and with the intent to take advantage of the goodwill that @properties has developed in the @properties trademarks, making this an exceptional case pursuant to 15 U.S.C. § 1117.

29. Upon information and belief, defendant's conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

30. @properties has been, and will continue to be, damaged by defendant's infringement in an amount to be determined at trial.

31. Defendant's acts also are greatly and irreparably damaging to @properties and will continue to damage @properties unless enjoined by the Court such that @properties is without an adequate remedy at law.

## Count 2: Federal Trademark Dilution

32. @properties re-alleges the preceding paragraphs as if fully set forth herein.

33. @properties trademarks are inherently distinctive and famous under 15 U.S.C. § 1125(c).

34. Defendant's unlawful use of the @properties trademarks in commerce began long after the @properties trademarks became famous.

35. Defendant's conduct causes, and will continue to cause, dilution of the distinctive quality of the famous @properties trademarks.

36. Upon information and belief, defendant adopted, registered, and uses the @mortgage trademark with full knowledge of the @properties trademarks, and with the willful intention to trade on @properties' reputation and/or cause dilution of the famous @properties trademarks, making this an exceptional case pursuant to 15 U.S.C. § 1117.

37. Upon information and belief, defendant's conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

38. @properties has been, and will continue to be, damaged by defendant's infringement in an amount to be determined at trial.

39. Defendant's acts also are greatly and irreparably damaging to @properties and will continue to damage @properties unless enjoined by the Court such that @properties is without an adequate remedy at law.

### Count 3: Federal Unfair Competition

40. @properties re-alleges the preceding paragraphs as if fully set forth herein.

41. Defendant's acts are likely to cause confusion or mistake, or to deceive as to defendant's affiliation, connection, or association with @properties, or as to the origin, sponsorship, or approval of defendant's goods and services. Defendant's acts constitute unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

42. Upon information and belief, defendant's conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

43. @properties has been, and will continue to be, damaged by defendant's infringement and unfair competition in an amount to be determined at trial.

44. Defendant's acts also are greatly and irreparably damaging to @properties and will continue to damage @properties unless enjoined by the Court such that @properties is without an adequate remedy at law.

### Count 4: Deceptive Practices Under Illinois Law

45. @properties re-alleges the preceding paragraphs as if fully set forth herein.

46. Defendant has knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 et seq. by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products or services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of defendant or its products and services with @properties products and services; and using deceptive representations or designations of origin in connection with defendant's products and services.

47. The unauthorized use by defendant of the @properties trademarks is causing and is likely to cause substantial injury to the public and to @properties, and @properties has no adequate remedy at law for this injury. @properties is entitled to injunctive relief and to an award of its costs and attorney's fees under 815 ILCS § 510/3.

### Count 5: Common Law Unfair Competition

48. @properties re-alleges the preceding paragraphs as if fully set forth herein.

49. Defendant's acts constitute common law trademark infringement in violation of the common law of the various states, including the state of Illinois.

50. Upon information and belief, defendant's conduct is willful, deliberate, intentional, and in bad faith.

51. Defendant's acts are greatly and irreparably damaging to @properties and will continue to damage @properties unless enjoined by the Court such that @properties is without an adequate remedy at law.

### Prayer for Relief

Based on these allegations, @properties respectfully requests that the Court enter the following judgment in favor of @properties and against @mortgage:

1. Enter judgment that defendant has violated the Lanham Act, 15 U.S.C. §§ 1114, 1125; 815 ILCS §§ 510/1, et seq., and Illinois common law, and that such violations were willful and intentional, making this an exceptional case;

2. Issue a preliminary and permanent injunction enjoining and restraining defendant and its officers, agents, servants, employees, successors, assigns, and all other persons acting in concert or in participation with, or affiliated with them, jointly and severally, from directly or indirectly engaging in any further trademark infringement,

trademark dilution, unfair competition, or deceptive business practices, including making, offering for sale, or selling any products that feature marks confusingly similar to the @properties trademarks, or any other trademarks or trade dress owned by @properties;

      3.      Require defendant to immediately recall from all distribution channels all products, packaging, advertising, and promotional materials bearing or infringing on the @properties trademarks, or any other trademarks or trade dress owned by @properties;

      4.      Require defendant to immediately deliver to @properties for destruction all products, packaging, advertising, and promotional materials bearing or infringing on the @properties trademarks, or any other trademarks or trade dress owned by @properties, pursuant to 15 U.S.C. § 1118;

      5.      Require defendant to immediately cease sales of the products described above on its website and in any other locations on the Internet, including other websites owned or operated by defendant or any of their affiliates, and any social media platforms owned or operated by defendant or any of their affiliates;

      6.      Order defendant to account to @properties all profits wrongfully derived by their unlawful conduct and to pay to @properties:

      a.      all monetary actual and/or statutory damages sustained and to be sustained by @properties as a consequence of defendant's unlawful conduct, including lost profits and corrective advertising damages, in an amount to be determined at trial;

      b.      all profits, gains, and advantages obtained by defendant from its unlawful conduct;

      c.      exemplary damages, including treble damages resulting from defendant's unlawful conduct;

      d.      pre-judgment interest on all damages; and

      e.      @properties' costs and disbursements in this action, including its reasonable attorney's fees.

7.      Direct that defendant file with this Court and serve on counsel for @properties within thirty days after entry of any injunction issued by the Court, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which defendant has complied with the injunction; and

8.      Order any such other or further relief as the Court may deem just and proper.

@properties demands a jury trial on all issues triable by jury according to the U.S. Constitution.

Pursuant to Local Rule 3.2, @properties certifies that @properties has no publicly held affiliates.

Date:  <u>April 19, 2021</u>

                                                                               <u>/s/ Matthew M. Wawrzyn</u>
Matthew M. Wawrzyn (#6276135)
matt@wawrzynlaw.com
WAWRZYN LLC
200 East Randolph Street, Suite 5100
Chicago, IL 60601
(312) 235-3120 (telephone)
(312) 233-0063 (facsimile)

*Counsel for At World Properties, LLC*